PACKER v. PACKER.

1. **Jury:** COSTS. After an appeal from a judgment of a justice in which the plaintiff recovered forty-five dollars debt and $21.65 costs, the plaintiff, having made a settlement with defendant, delivered to him a receipt which stated that the plaintiff, in consideration of twenty-five dollars, released and discharged the defendant from all actions, causes of action, debts, claims and demands in law or equity up to this date. In the District Court the defendant did not plead that, by the agreement of the parties, the plaintiff was to pay the costs, but simply set up the receipt or release: *Held*, that the question whether the release included the costs of the case before the justice, was one of law for the court and upon which the defendant had no right to demand a jury.

Packer v. Packer.

2. Costs; AFFIDAVITS: PRACTICE. It is not erroneous for the District Court, to aid it in determining questions in relation to costs and as to who shall pay them, to receive affidavits for that purpose. The court in such case has a discretion to determine the matter upon affidavits or it may order the affiants to be brought before it and be subjected to an examination.

3. Receipt: RELEASE. A receipt which *prima facie* covers all claims, is susceptible of explanation, and it may be shown that it was not intended to embrace a particular subject.

*Appeal from Delaware District Court.*

MONDAY, JANUARY 27.

COSTS: HOW DETERMINED: PRACTICE CONCERNING, ETC. — Before a justice of the peace, the plaintiff recovered a judgment against the defendant, for $45 debt, and costs taxed at $21.65. These costs had accrued to the justice, the deputy sheriff, the jury, and to witnesses on both sides. Defendant appealed to the District Court. After the appeal was perfected the plaintiff signed a writing, and delivered it to the defendant, which stated that the plaintiff, " in consideration of $25, released and discharged E. Packer (the defendant), of all actions, causes of action, debts, claims and' demands in law or equity, up to this date." In the District Court, the defendant filed a pleading, simply setting up this release or receipt. Plaintiff did not deny or controvert its execution. The only question in the case remaining, was as to which party should pay the costs. In the District Court, on the hearing, the receipt or release was read in evidence, also certain affidavits showing that it was expressly agreed, that the plaintiff was not to pay or be liable for any costs. To the use of affidavits for this purpose, the plaintiff objected. The District Court held that the defendant should pay the costs; and from this decision he appeals to this court.

*Ray B. Griffin* for the appellant.

No appearance for the appellee.

DILLON, Ch. J.—The first question made is, did the court err in refusing the defendant a trial by jury? The 1. JURY: costs. defendant, in the answer filed in the District Court, did not plead that by agreement of the parties, the plaintiff was to pay the costs. He simply set up the receipt or release. This instrument the plaintiff did not deny or controvert. Thus, the only question left was, *who* should pay the costs? The *cause of action* was undeniably settled by the parties; and there was no pleading setting up a contract, other than the release or receipt, that plaintiff was to pay the costs. Under these circumstances we hold that the court did not err in refusing the defendant's "demand for a trial by jury." What issue or fact he wished the jury to try was not stated to the court, nor did it appear from the pleadings. The meaning or construction of the receipt or release would present a question of law for the court, not of fact for the jury. This disposes of one question made by the appellant.

The only other question, relates to the admissibility of affidavits by the court to aid it in determining the ques- 2. COSTS: affi- tion as to who should pay the costs. Appel- davits: prac- tice. lant contends that the evidence should have been oral or by deposition so that he could have had an opportunity to cross-examine the witnesses. It is very usual to determine questions of costs upon motion or in a summary manner; and to receive affidavits to assist in such determination. Such a practice finds a warrant in various provisions of the statute (ch. 137, §§ 3328, 3440, 3442, 3447, 3448, 3452, 3461, 3465).

If the court had refused to the defendant the like privilege of using affidavits, or if the court upon defendant's

Packer v. Packer.

application and a showing, had refused to allow him an opportunity to cross-examine the affiants, or to take from them explanatory or counter affidavits, a very different question would be presented for our determination.

The District Court has a discretion in such cases to determine the matter upon affidavits and counter affidavits, or it may, if the affidavits leave it in doubt, or if it prefers, order the affiants to be produced in court and subject them, or allow them to be subjected, to an examination and cross-examination, and may receive any further testimony which may be offered by either party. In matters of practice of this character, an appellate tribunal is not justified in interfering with the course of the court below, unless it abused its discretion to the pre-judice of the party complaining. No such case is shown by the present record. The affidavits produced by the defendant were clear and pointed, to the effect that the plaintiff was not to pay the costs, and no counter affidavits were produced or offered, nor was there any thing shown controverting the truth of the facts stated in appellee's affidavits.

If the writing be regarded as *prima facie* including the costs, which is a doubtful construction thereof, then, if it be treated as a receipt, it is susceptible of explanation, and the affidavits introduced show that it was not intended to embrace the costs. The court is authorized and required to dispose of questions of costs upon equitable principles, and the circumstances clearly establish that it was not intended to settle the costs, and that it would be inequitable to compel the plaintiff to pay them.

3. RECEIPT: release.

Affirmed.